(Revised March 20, 2009)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No. 13-cr-00487-MSK   )

) JUDGE ASSIGNED:   MARCIA S. KRIEGER

UNITED STATES OF AMERICA,   )

) ESTIMATED TRIAL TIME:   Five Days or Less

Plaintiff,   )

) NUMBER OF DEFENDANTS:   1

v.   )

1. JUAN LUIS MONJE-GARACIA, ~~GARACIA~~,   ) DOCUMENTS DISCLOSURE EXTENSIVE
*GARLIA*

)         YES (NO)

)         (Please circle one)

Defendant.   )

---

## DISCOVERY CONFERENCE MEMORANDUM AND ORDER

---

## INTRODUCTION

Rule 16, Federal Rules of Criminal Procedure, is entitled Discovery and

Inspection and provides for discovery by both defendant and the government.

D.C.COLO.LCrR 17.1.1 requires a discovery hearing to be held by a magistrate

judge.

A defendant may discover certain material as a matter of right without any

obligation to permit discovery by the government.  However, if a defendant

requests certain materials by discovery, namely, documents and tangible objects,

1

as well as reports of examinations and tests, then the defendant is obligated to permit similar discovery by the government.

In addition to discovery we will take up the matter of notice, as required by Rules 12.1 and 12.2, Fed.R.Crim.P., if the defense of alibi or mental capacity is contemplated. Further, a date will be set for the filing of all motions.

At the conclusion of this hearing the report will be signed by defendant and/or his counsel, and government counsel, as well as the magistrate judge. The discovery hearing proceedings will be recorded.

## I. DEFENDANT'S REQUEST FOR DISCOVERY AND NOTICE

(A)    Request for Rule 16 Material

1.    The defendant requests disclosure of the substance of any relevant oral statements made by the defendant, before or after arrest, in response to interrogation by any person the defendant knew to be a government agent if the government intends to use that statement at trial. Rule 16(a)(1)(A). The government states that it will disclose to the defendant and make available for inspection, copying, or photographing such statements in accordance with Rule 16(a)(1)(A).

2.    The defendant requests disclosure of any relevant written or recorded statement made by the defendant within the government's possession, custody, or control, which the attorney for the government

2

knows – or through due diligence could know – that the statement exists;

the portion of any written record containing the substance of any relevant

oral statement made before or after arrest if the defendant made the

statement in response to interrogation by any person the defendant knew

to be a government agent.  Rule16(a)(1)(B)(i) and (ii).

3.      The defendant requests disclosure of any recorded testimony of the

defendant before a grand jury which relates to the offense charged pursuant to

Rule 16(a)(1)(B)(iii).  The government states it will permit the defendant to inspect

and copy such statements.  If government counsel knows of such statements he

will so indicate by initialing here. _____

4.      The defendant requests, if the defendant is an organization, the

government's disclosure to the defendant of any statement described in Rule 16(a)(1)(A)

and (B), if the government contends that the person making the statement; (i) was legally

able to bind the defendant regarding the subject of the statement because of that person's

position as the defendant's director, officer, employee, or agent; or (ii) was personally

involved in the alleged conduct constituting the offense and was legally able to bind the

defendant regarding that conduct because of that person's position as the defendant's

director, officer, employee or agent.  Rule 16(a)(1)(C).

5.      The defendant requests a copy of his prior criminal record.  The government

states it will furnish to the defendant a copy of his prior criminal record, if any, in

accordance with Rule 16(a)(1)(D).

6.      The defendant, understanding his burden of reciprocal discovery as set forth

in Rule 16(b)(1)(A), (requests) (does not request) disclosure of books, papers, documents,

data, photographs, tangible objects, buildings or places, and copies or portions thereof,

which are within the possession, custody, or control of the government, and which are

material to the preparation of his defense, or are intended for use by the government as

evidence in chief at the trial, or were obtained from or belong to the defendant.

7.      The defendant, understanding his burden of reciprocal discovery as set forth

in Rule 16(b)(1)(B), (requests) (does not request) disclosure of any results or reports of

physical or mental examinations, and of scientific tests or experiments, or copies thereof,

which are within the possession, custody, or control of the government, the existence of

which is known, or by the exercise of due diligence may become known, to the attorney

for the government, and which are material to the preparation of the defense or are

intended for use by the government as evidence in chief at the trial.

8.      The defendant, understanding his burden of reciprocal discovery as set forth

in Rule 16(b)(1)(C), (requests) (does not request) disclosure of a written summary of

testimony the government intends to use under Rule 702, 703, or 705 of the Federal Rules

4

of Evidence, relating to expert testimony and opinions of experts, during its case in chief at trial, as set forth in Rule 16(a)(1)(G).

9.      The government acknowledges its continuing duty to disclose under Rule 16(c).

(B)     Request for Exculpatory Evidence

The defendant requests disclosure of evidence favorable to the defendant on the issue of guilt and/or sentencing.  The government states it will disclose material evidence which is favorable to the defendant as required by *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); and *United States v. Bagley*, 473 U.S. 667 (1985). The government acknowledges its continuing duty to make these disclosures.  This request does not foreclose the defendant from filing a more specific motion requesting exculpatory evidence.

(C)     Request for Evidence of Other Crimes, Wrongs, or Acts

The defendant requests notice of other crimes, wrongs or acts under Rule 404(b) of the Federal Rules of Evidence.  The government states that if it intends to introduce such evidence at trial it will provide written notice to the defendant no later than 21 days before trial unless, for good cause shown, the court permits less notice in accordance with Rule 404(b).

(D)   <u>Request for Disclosure of the Identity of Confidential Informants</u>

     1.    The government states there (was) (was not) a confidential informant who was a participant in or a witness to the crime charged and that the informant (may) (will) (will not) be called as a witness at trial. The government further states it (has supplied) (will claim privilege of non-disclosure of) the identity of the confidential informant. *Rovario v. United States*, 353 U.S. 53 (1957).

(E)   The Government States There Have Been in this Case:  (Circle those which are applicable)

     1.    Telephone tape recordings;

     2.    Electronic surveillance of the defendant or his premises;

     3.    Leads obtained by electronic surveillance of defendant's person or premises; and

     4.    Photographic surveillance.

The government (may) (will) (will not) permit discovery of the foregoing items.

## II.   GOVERNMENT'S REQUEST FOR DISCLOSURE AND NOTICE

(A)   <u>Request for Rule 16 Material</u>

     1.    The government requests disclosure of books, papers, documents, data, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody or control of the defendant and which the defendant intends to

6

introduce as evidence in chief at the trial. If the defendant made a similar request under
Rule 16(a)(1)(E), the defendant states that upon compliance by the government with the
defendant's request he will permit the government to inspect and copy or photograph such
items in accordance with Rule 16(b)(1)(A).

2.      The government requests disclosure of any results or reports of physical or
mental examinations and of scientific tests or experiments made in connection with this
case, or copies thereof, within the possession or control of the defendant as described in
Rule 16(b)(1)(B). If the defendant made a similar request under Rule 16(a)(1)(F), the
defendant states that upon compliance by the government with the defendant's request he
will permit the government to inspect and copy or photograph such items in accordance
with Rule 16(b)(1)(B).

3.      The government requests disclosure of a written summary of testimony the
defendant intends to use under Rules 702, 703 and 705, F.R.E. as evidence at trial. If the
defendant made a similar request under Rule 16(a)(1)(G), the defendant states that upon
compliance by the government with the defendant's request he will disclose such
summaries in accordance with Rule 16(b)(1)(C).

4.      The defendant acknowledges his continuing duty to disclose under Rule
16(c).

(B)    Request for Notice of Alibi

      1.    The government hereby requests notice of the defendant's intent to rely on an alibi defense pursuant to Rule 12.1(a) of the Federal Rules of Criminal Procedure. The parties agree that the indictment/information and the discovery provided by the government give the defendant sufficient notice of the time, date, and place at which the alleged offense was committed and triggers the defendant's obligation under Rule 12(a) to serve upon the attorney for the government a written notice of alibi within 20 days from the date of this request, or at such different time as the court may direct. Should the defendant require additional information concerning the time, date, or place at which the alleged offense was committed, it is the defendant's obligation to file a request for additional information in the time provided for filing motions.

      2.    The government states that if the defendant files a notice of intent to rely upon alibi, the attorney for the government shall serve upon the defendant or the defendant's attorney a written notice stating the names and addresses of the witnesses upon whom the government intends to rely to establish the defendant's presence at the scene of the alleged offense and any other witnesses to be relied on to rebut the testimony of any of the defendant's alibi witnesses. The government's written notice shall be filed within 10 days of its receipt of the defendant's Rule 12.1(a) notice, but in no event less than 10 days before trial, unless the court otherwise directs.

3.     The parties acknowledge their continuing duty to disclose under Rule

12.1(c).

(C)     Request for Notice of Insanity Defense and Expert Testimony Regarding
Defendant's Mental Condition

The government hereby requests notice of the defendant's intent to rely on a

defense based on insanity or to introduce expert testimony relating to mental condition. If

the defendant intends to rely on the defense of insanity or introduce expert testimony

relating to mental disease or defect or any other mental condition bearing on the issue of

guilt, he agrees to file a written notice and disclosure of the same within 20 days from the

date of this request, or at such different time as the court may direct.

## III.  LIKELIHOOD OF DISPOSITION OR TRIAL

(A)     There is a (good) (fair) (poor) chance of a Rule 11 disposition of this case.

(B)     The parties understand that the court must be given notice of any proposed

disposition no less than 10 days before the scheduled trial date.  Unless otherwise

ordered, notice of disposition shall be filed no later than 14 days before the date set forth

for trial.  (D.C.COLO LCrR 11.1A)

(C)     The defendant will receive a jury trial in accordance with F.R.Crim.P. 23(a).

Waiver of jury can only be accomplished by filing a motion with the trial court.

## IV.  **SPEEDY TRIAL**

(A)    The speedy trial time limits of 18 U.S.C. § 3161 are as follows:

30 days    _1-4-14_

70 days    _2-13-14_

90 days    _3-5-14_


_____
Date Signed                                            Defendant – Juan Luis Monje-Garcia

_10 Dec 13_                                            _____
Date Signed                                            Attorney for Defendant –

_12/10/2013_                                          _____
Date Signed                                            Assistant United States Attorney – Kirsten Sinclair

10

## V.  DISCOVERY ORDER

(A)   Effect of Report

The responses by the parties set forth in this Report shall have the effect of a

binding discovery order.  All requests for discovery will be considered continuing

requests, and any discoverable information and/or material coming into the possession or

knowledge of either party prior to or during the trial shall be made available to the

opposing party promptly, consistent with the law and on an ongoing basis.

(B)   Disclosure by the Government

Unless otherwise specified in this Discovery Order, the government on or before

_12/10/2013_ , shall disclose those materials that are on that date within the possession

of the attorney for the government and are subject to disclosure under the provisions of

Rule 16.  If additional material subject to the disclosure obligations of Rule 16 come into

the possession of the attorney for the government, the attorney for the government shall

promptly disclose the material to the defendant.  The attorney for the government shall

exercise due diligence as expressly required by provisions of Rule 16 to fulfill his or her

discovery obligations under the provisions of Rule 16.

Written summaries of any testimony that the government intends to use under

Rules 702, 703, or 705, Fed. R.Crim P. 16(a)(1)(G) shall be provided on such schedule as

the District Court shall determine upon motion by either party.

11

(C)     <u>Disclosure by the Defendant</u>

Unless otherwise specified in this Discovery Hearing Report, the defendant shall

disclose its Rule 16 discovery material to counsel for the government on or before

 2-8  Dec 2013      .

Written summaries of any testimony that the defendant intends to use under Rules

702, 703, or 705, Fed.R.Crim P. 16(b)(1)(C) shall be provided on such schedule as the

District Court shall determine upon motion by either party.

(D)     Any motion alleging a failure to comply with the time limits set forth in this report

and order must be filed promptly.

(E)     Any pretrial motions shall be filed on or before _____ .

IT IS SO ORDERED.

BY THE COURT

_____
U.S. Magistrate Judge

12-10-13
_____
Date

12