IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Criminal Action No. 13-cr-00487-MSK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     JUAN LUIS MONJE-GARCIA,

      Defendant.

---

## ORDER OF DETENTION

---

THIS MATTER came before the court for a detention hearing on December 10, 2013. The government is requesting detention in this case. Defense counsel stated the defendant would not challenge the United States' request for detention and waived his right to a further hearing.   In making my findings of fact, I have taken judicial notice of the information set forth in the Pretrial Services Report and entire court file, and have considered the arguments or statements of counsel.

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community.   18 U.S.C. § 3142(b).   The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1)    The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2)    the weight of the evidence against the person;
>
> (3)    the history and characteristics of the person including–
>
>> (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following:

The defendant has been charged with violations of Title 8 U.S.C. § 1326(a) and (b)(2), unlawful re-entry of a previously deported alien subsequent to a conviction for an aggravated felony.   The defendant is a citizen of Mexico and a detainer has been lodged against the defendant

2

by ICE.   The defendant was deported from the United States to Mexico on July 30, 1998. The defendant has two misdemeanor convictions for Driving While Under the Influence and Driving While Ability Impaired. He has two felony convictions for Narcotic – Possess and Theft.   The defendant was arrested on four counts of failure to appear.   Records from NCIC reflect that the defendant has used at least nine alias names, five alias dates of birth, and two alias Social Security numbers     .

After considering all appropriate factors, I conclude that the preponderance of the evidence establishes that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required.   Further, I conclude by clear and convincing evidence that no condition or combination of conditions of release will reasonably insure the safety of other persons, including the defendant, or the community.

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for

the United States, the person in charge of the corrections facility shall deliver defendant to the

United States Marshal for the purpose of an appearance in connection with this proceeding.

Dated this 10th day of December, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

4