IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 13-cr-00487-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    JUAN LUIS MONJE-GARCIA,

    Defendant.

## PLEA AGREEMENT

The United States of America, by and through John F. Walsh, United States Attorney for the District of Colorado, and Kirsten M. E. Sinclair, Special Assistant United States Attorney, and the defendant, Juan Luis Monje-Garcia, personally and by counsel, ~~La Fonda R. Traore~~ Robert W. Pepin, Assistant Federal Public Defender, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I. AGREEMENT

#### A.    *Defendant's Plea of Guilty:*

The defendant agrees to plead guilty to the sole count of the Indictment, charging a violation of 8 U.S.C. § 1326(a) and (b)(1), illegal re-entry of a previously deported alien following a felony conviction.[1]

---

[1] On December 3, 2013, a one-count indictment was filed in this case charging the defendant in Count 1 with Illegal Re-entry After Deportation Subsequent to an Aggravated Felony Conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). The government now believes the conviction at issue constitutes a felony offense. This is not an essential element of the offense, but rather is a sentencing factor for the Court. See *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998).

1

Court's Exhibit 1

**B.     Government's Obligations:**

In exchange for the defendant's plea of guilty, the United States agrees to (1) recommend the Court give the defendant full credit for acceptance of responsibility per USSG § 3E1.1, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under §§ 3C1.1 and 3E1.1, comment (note 4) between the time of his guilty plea and sentencing; and (2) recommend a term of imprisonment within the applicable advisory guideline range resulting from the early disposition ("fast track") agreement set forth below.

**C.     Early Disposition ("Fast Track") Agreement:**

This plea agreement is made pursuant to the District of Colorado's early disposition ("Fast Track") program. Although the parties understand that the Guidelines are only advisory, the United States and the defendant stipulate and agree that the following is an appropriate disposition of the case:

1. The government agrees to file a motion for a four-level downward departure pursuant to USSG § 5K3.1 ("early disposition programs") unless, following a presentence investigation by U.S. Probation, it is determined that: (a) the defendant has a Guideline criminal history of VI; or (b) the defendant has a previous conviction for a "crime of violence" as defined in USSG § 2L1.2, comment (note (1)(B)(iii)). If either (a) or (b) exist, then the government will move for a two-level downward departure under § 5K3.1. The defendant agrees that he cannot contest the government's determination of whether or not these conditions exist. The filing of a two-level departure does not provide the defendant grounds to seek an additional departure or variant sentence.

2.     In exchange for the § 5K3.1 downward departure motion described above, the defendant agrees to: (a) not file any motions pursuant to Rule 12(b)(3), *Federal Rules of Criminal Procedure*; (b) not request any further or additional departure or variance under either the Sentencing Guidelines or 18 U.S.C. § 3553(a); and (c) waive the right to appeal the conviction and sentence imposed by the Court as set forth in detail below.

### D.     *Defendant's Waiver of Appeal:*

The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Understanding this and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria:  (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court determines that the offense level is greater than that calculated by the parties below and imposes a sentence based upon that higher offense level determination.  Except as provided above, the defendant also knowingly and voluntarily waives the right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742.  The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.  This waiver provision, however, will not

prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that the defendant was denied the effective assistance of counsel, or (3) there is a claim of prosecutorial misconduct. Additionally, if the government appeals the sentence imposed by the Court, the defendant is released from this waiver provision.

## II. ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of the offense to which the defendant will plead guilty are as follows:

*First*: The defendant was an alien (not a citizen or national of the United States) at the time alleged in the indictment;

*Second*: the defendant had previously been deported or removed from the United States;

*Third*: the defendant was found in the United States;

*Fourth*: the defendant had not received the consent of the proper legal authority to reapply for admission to the United States.

Note: The defendant acknowledges that he had been convicted of a felony, prior to his deportation or removal from the United States. This is not an essential element of the offense, but rather is a sentencing factor for the Court. *See Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998).

## III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 8 U.S.C. § 1326(a) and

(b)(1) is not more than 10 years imprisonment; not more than a $250,000 fine, or both; not more than 3 years supervised release; and a $100 special assessment fee. If a term of probation or supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

## IV. COLLATERAL CONSEQUENCES

This felony conviction may cause the loss of civil rights including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury. If the defendant is an alien, the conviction may cause the defendant to be deported and removed from the United States or confined indefinitely if there is no country to which the defendant may be deported, to be denied admission to the United States in the future, and to be denied citizenship.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have

stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate and agree as follows:

The defendant is a native and citizen of Mexico without claim to lawful status in the United States. He was found by officials from Immigration and Customs Enforcement (ICE), Department of Homeland Security on November 5, 2013, at the Jefferson County Jail, in the State and District of Colorado, where he was being held on local charges for DUI, DUI per se, driving without a license, and no insurance. The defendant was previously deported from the United States on July 30, 1998, through Nogales, Arizona. Prior to that deportation, the defendant was convicted on May 22, 1995, in the Superior Court of Arizona, Maricopa County, of a felony offense, specifically – Theft, in violation of Arizona Revised Statutes §§ 13-1802, 1801, 701, 702, and 801, a Class 3 Felony, for which he was sentenced to a term of five years imprisonment with credit for eighty-eight days served. Case No. CR95-02400.

On November 7, 2013, the defendant was interviewed by ICE officials. After waiving his *Miranda* rights, the defendant admitted that he is a citizen and national of Mexico, and that he had illegally reentered the United States from Mexico on or about October 15, 2000, by crossing the border at or near El Paso, Texas. The defendant admitted that he was not inspected by immigration officials and that he had not received consent from the proper legal authority to reenter the United States after his removal.

## VI. ADVISORY GUIDELINE COMPUTATION AND 18 U.S.C. § 3553 ADVISEMENT

The parties understand that the United States Sentencing Guidelines are only advisory, but represent the starting point and benchmark for sentencing. *Gall v. United States*, 128 S.Ct. 586 (2007). The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

USSG § 1B1.11 states that, generally, "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced." Therefore, the 2012 Guidelines Manual is applicable to this case:

A.  The base guideline is §2L1.2, with a base offense level of **8**.

B.  Specific Offense Characteristics: The following specific offense characteristic applies: the defendant was deported from the United States after a conviction for a felony offense: **+ 4** (§2L1.2(b)(1)(D)).

C.  There are no victim-related, role-in-offense, obstruction and/or multiple count adjustments.

D.  The adjusted offense level therefore would be **12**.

7

E. <u>Acceptance of Responsibility</u>: The defendant should receive a **two (2)** level adjustment for acceptance of responsibility under § 3E1.1. The resulting offense level therefore would be **10**.

F. Depending on the factors listed in paragraph 1(C)(1) above, the government will move for either a four-level or two-level reduction in the offense level pursuant to § 5K3.1 ("early disposition programs"). If the four-level reduction applies and the Court accepts the government's motion, the offense level will be **6**. If the two-level reduction applies, the resulting offense level will be **8**.

G. The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant's prior convictions. Based on information currently available to the parties, it is estimated that the defendant's **Criminal History Category would be III.**

H. Assuming the criminal history facts known to the parties are correct, the career offender/criminal livelihood/armed career criminal adjustments would not apply.

I. <u>Imprisonment</u>: The advisory guideline range of imprisonment resulting from an offense level of **10** and a Criminal History Category III is **10-16** months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 6 months (bottom of Category I) to 30 months (top of Category VI).

As noted above, the government will move for either a four-level or two-level reduction in the offense level pursuant to § 5K3.1 ("early disposition programs"). If the four-level reduction applies and the motion is accepted by the Court, the guideline range

of imprisonment will be **2-8** months. If the two-level reduction applies, the resulting guideline range of imprisonment will be **6-12** months.

In any event, the guideline range would not exceed the cumulative statutory maximum(s) applicable to the count(s) of conviction.

J. <u>Fine</u>: Pursuant to guideline § 5E1.2, assuming the estimated offense level of 10, the fine range for this offense would be $2,000 to $20,000, plus applicable interest and penalties. If the four-level § 5K3.1 reduction applies, the fine range for this offense would be $500 to $5,000, plus applicable interest and penalties. If the two-level § 5K3.1 reduction applies, the fine range for this offense would be $1,000 to $10,000, plus applicable interest and penalties.

K. <u>Supervised Release</u>: The guideline range of supervised release under § 5D1.2 is at least one year but not more than three years. However, pursuant to § 5D1.1(c), the Court ordinarily should not impose a term of supervised release because supervised release is not required by statute and the defendant is an alien who likely will be deported after imprisonment. The Court may consider imposing a term of supervised release if the Court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of the particular case. § 5D1.1, comment (note 5).

The parties understand that although the Court will consider the parties' guideline estimate, the Court must make its own determination of the applicable guideline range. In doing so, the Court is not bound by the position of any party. The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553

9

factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.  ENTIRE AGREEMENT

This document states the parties' entire agreement.  There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied.  In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 1/24/14

Juan Luis Monje-Garcia
Defendant

Date: 1/24/14

~~La Fonda R. Traore~~ Robert W. Pepin
Attorney for Defendant

Date: 3/12/14

Kirsten M. E. Sinclair
Special Assistant U.S. Attorney